IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| IN THE MATTER OF THE | § | No. 53, 2021 |
| PETITION OF QUENTIN JONES | § | |
| FOR A WRIT OF MANDAMUS | § | |

Submitted: March 2, 2021
Decided: April 7, 2021

Before **SEITZ**, Chief Justice; **VALIHURA** and **VAUGHN**, Justices.

## O R D E R

After consideration of the petition for a writ of mandamus and the State's answer, it appears to the Court that:

(1) The petitioner, Quentin Jones, seeks to invoke the original jurisdiction of this Court, under Supreme Court Rule 43, to issue a writ of mandamus requiring the Superior Court to enter a judgment of acquittal and order Jones's release from prison. The State of Delaware has filed an answer and motion to dismiss the petition. After careful review, we conclude that the petition is without merit and must be dismissed.

(2) In 2016, a jury found Jones guilty of first-degree unlawful sexual contact and two counts of first-degree rape. The Superior Court sentenced Jones as a habitual offender to a life sentence for each of the counts of first-degree rape and to a suspended eight-year sentence for first-degree unlawful sexual contact. At the

conclusion of postconviction proceedings, the Superior Court vacated Jones's convictions and ordered a new trial.[1]

(3) On July 14, 2020, Jones pleaded no contest to two counts of fourth-degree rape.[2] Approximately two weeks later, Jones moved to withdraw his no-contest plea. The Superior Court denied the motion and ordered sentencing to occur in due course.[3] On November 16, 2020, Jones filed a second motion to withdraw his plea. On November 25, 2020, his counsel moved to withdraw. On November 30, 2020, Jones moved for appointment of new counsel; on December 14, 2020, he filed a motion to disqualify counsel and moved to compel the State and his counsel to answer his second motion to withdraw his plea. Two days later, he filed yet another motion to withdraw his plea.

(4) On January 15, 2021, the Superior Court held a conference to address the pending motions. Following that hearing, the court appointed new counsel for Jones and set a deadline for any additional applications on Jones's behalf. On March 30, 2021, Jones's new counsel filed a "Second Motion to Withdraw No Contest Pleas." That motion is currently pending before the Superior Court.

---

[1] *State v. Jones*, 2019 WL 6726837 (Del. Super. Ct. Dec. 11, 2019).
[2] *State v. Jones*, 2020 WL 5530332 (Del. Super. Ct. Sept. 11, 2020). In its September 2020 decision denying Jones's motion to withdraw his no-contest plea, the Superior Court stated that, although a *Brady* violation had required the court to vacate the first conviction, the "basic evidence at trial was substantial and convincing." *Id.* at *3.
[3] *Id.* at *4-5.

(5) On February 22, 2021, Jones filed a petition for a writ of mandamus. In the petition, Jones seeks a writ of mandamus requiring the Superior Court to enter a judgment of acquittal and order Jones's release from prison. He argues that (i) the State conceded that it had insufficient evidence to convict Jones at a second trial; (ii) his former counsel induced him to plead guilty or no contest; and (iii) the original trial judge erred by not entering, *sua sponte*, a judgment of acquittal because the State failed to prove all the elements of the crimes for which Jones was tried.

(6) A writ of mandamus will issue only if the petitioner can show: (i) a clear right to the performance of a duty; (ii) that no other adequate remedy is available; and (iii) that the Superior Court has arbitrarily failed or refused to perform its duty.[4] "[I]n the absence of a clear showing of an arbitrary refusal or failure to act, this Court will not issue a writ of mandamus to compel a trial court to perform a particular judicial function, to decide a matter in a particular way, or to dictate the control of its docket."[5]

(7) There is no basis for the issuance of a writ of mandamus in this case. Jones obtained postconviction relief from the result of the first trial, and Jones's new counsel has filed a motion to withdraw Jones's subsequent no-contest plea. It appears that Jones is attempting to obtain a writ of mandamus to compel the Superior

---

[4] *In re Bordley*, 545 A.2d 619, 620 (Del. 1988).
[5] *Id.*

3

Court to decide the pending motion to withdraw his plea in his favor. Jones may not invoke the extraordinary writ process as a substitute for the ongoing proceedings in the Superior Court and, if appropriate, the appellate process.[6]

NOW, THEREFORE, IT IS ORDERED that the State's motion to dismiss is GRANTED. The petition for the issuance of a writ of mandamus is DISMISSED.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice

---

[6] *See In re Duffy*, 2020 WL 6256720 (Del. Oct. 22, 2020) ("A petitioner who has an adequate remedy in the appellate process may not use the extraordinary writ process as a substitute for an appeal.").

4